**IN RE: Brandon James KEELER and Cassie Gee Keeler, Debtors.**

**CASE No.: 16–59261–JRS**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed 11/22/2016

Dennis J. Reidy, Reidy Law Firm, LLC, Atlanta, GA, for Debtors.

SUPPLEMENTAL ORDER ON RE-
QUEST FOR ORDER CONFIRM-

## ING NO STAY EXISTS [1]

James R. Sacca, U.S. Bankruptcy Court Judge

This matter is before the Court on the request of Powder Springs Apartment Partners, LLC d/b/a 1250 West Apartments for the entry of an Order confirming no stay exists [Doc. 42] regarding a lease for an apartment located at 1250 Powder Springs Road, Apartment 1805, Marietta, Georgia 30064 (the "Lease"). The Debtors filed a response in opposition to the request. [Doc. 43]. The matter came on for hearing on November 8, 2016 at which the Court heard and considered the arguments of the parties.

### I. Background

■ This bankruptcy case is the Debtors' second filed in less than on year. On January 14, 2016, Debtors filed a Chapter 13 case, No. 16–50807–JRS. About five months later, this Court denied confirmation and dismissed that case because Debtors failed to fund their plan. Three days later, on May 27, 2016, Debtors filed the instant case, again seeking protection under Chapter 13. [Doc. 1]. Debtors never moved or obtained an order to extend the automatic stay within the 30 days required by 11 U.S.C. § 362(c)(3). On July 15, 2016, after that 30 day period expired, Debtors signed a lease (the "Lease") with Movant. [Doc. 42 Ex. 1].[2] On September 22, 2016, Movant filed its request that this Court enter an order confirming that no stay is in effect so it could dispossess the Debtors because they failed to pay any rent that had come due. Debtors contend the stay

protects the Lease because it is property of the estate despite not obtaining an order extending the stay as required by 11 U.S.C. § 362(c)(3).

### II. Discussion

■ Section 362(c)(3) of the Bankruptcy Code provides that when an individual debtor in a Chapter 7, 11, or 13 case had a previous case dismissed [3] within one year prior to filing, "the stay [under section 362(a)] with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case.' " 11 U.S.C. § 362(c)(3) (emphasis added). The phrase "with respect to the debtor" (emphasized above) has led to conflicting interpretations among the courts. Many courts have held that this phrase limits the termination of the automatic stay after 30 days to the debtor and non-estate property of the debtor, but that it does not terminate the stay with respect to property of the estate. *See, e.g., In re Rinard,* 451 B.R. 12, 19–20 (Bankr. C.D. Cal. 2011); *In re Thornton,* 07–70002–MHM, 2007 WL 7140155, at *1 (Bankr. N.D. Ga. Aug. 30, 2007) (Section 362(c)(3) "applies to the debtor and property of the debtor but not to property of the estate"); *In re Brandon,* 349 B.R. 130, 132 (Bankr. M.D.N.C. 2006) (finding the penalty for one previous filing under 362(c)(3) should be interpreted to be less severe than multiple previous filings under 362(c)(4)).

Other courts have determined that Congress could not have intended an exception that would swallow the rule. *See, e.g., In re*

---

1. This Order supplements the Court's Order entered on November 14, 2016. [Doc. 58]

2. The fact that the Lease was entered into post-petition does not change the result here. The focus of § 362(c)(3) is on the debtor's good faith in filing a bankruptcy case with

respect to whether he or she is entitled to the continued benefits of the automatic stay, not on when the contract was entered into.

3. The dismissal must be other than in a Chapter 7 case under § 707(b).

*Reswick*, 446 B.R. 362, 368, 372 (9th Cir. BAP 2011) (noting that Congress enacted Section 362(c)(3)(A) in 2005 for the purpose of discouraging bad faith repeat filings, and that terminating the stay as to the debtor but not the estate would render this provision "devoid of any practical effect"); *St. Anne's Credit Union v. Ackell*, 490 B.R. 141, 145 (D. Mass. 2013) (finding the purpose of the statute is not well served by "excluding from the deterrent penalty actions against the bankruptcy estate and including only actions against the debtor personally and his other property outside the estate"); *In re Whitescorn*, No. 13–60159–fra13, 2013 WL 1121393, at *2 (Bankr. D. Or. Mar. 14, 2013) (citing *Reswick* as authority that the stay is terminated in its entirety); *In re Curry*, 362 B.R. 394, 400–01 (Bankr. N.D. Ill. 2007) (finding the language susceptible to multiple interpretations, requiring the adoption of an interpretation consistent with the overall statutory scheme). These courts have held that the more appropriate interpretation provides for termination of the stay with respect to the debtor and his or her estate, but not with respect to a spouse or other co-debtor that did not have a case dismissed within the prior year. *See, e.g.*, *In re McKeal*, No. 14–62113, 2014 WL 6390712, at *2 (Bankr. N.D. Ohio Nov. 14, 2014) (adopting the interpretation that "with respect to the debtor" refers to the co-debtor only if the co-debtor had a prior case that year, which best serves the purpose of BAPCPA); *In re Daniel*, 404 B.R. 318, 326 (Bankr. N.D. Ill. 2009) (holding that the spousal-exclusion interpretation is the "best reading" of the "with respect to the debtor" limitation in the context of § 362 and the Bankruptcy Code as a whole); *In re Curry*, 362 B.R. at 401 ("[I]n a joint case 'a debtor' may not necessarily mean both debtors if one debtor did not have a case dismissed within the year prior to the current petition date." (quoting *In re Jupiter*, 344 B.R. 754, 760 (Bankr. D.S.C. 2006)).

*Thornton* and similar cases generally base their holdings on what they consider to be the plain reading of the statute, but this Court does not find the statute to be so clear. Therefore, reading the statute in light of Congressional intent and the statutory scheme produces a sensible result that is not inconsistent with the language of the statute.

■ As previously discussed in this Court's decisions in *In re Stubbs*, Case No. 12–55003–JRS (Sept. 5, 2012), this Court disagrees with *Thornton* and the former line of cases and generally agrees with the latter line of cases.[4] First, the statute pro-

4. In *Stubbs*, the Court reserved the issue of whether the phrase "with respect to the debtor" would terminate the automatic stay with respect to a Chapter 7 trustee. In *Walker*, Case No. 15–50285, [Doc. 46], this Court determined that "with respect to the debtor" did not include a Chapter 7 trustee so the stay would need to be lifted to terminate the Chapter 7 trustee's rights with respect to property of the estate. Because a Chapter 13 trustee does not have the same rights and obligations as a Chapter 7 trustee and, in particular, does not have an interest in the debtor's property, the termination of the stay under § 362(c)(3) as to the debtor in a Chapter 13 case sufficiently terminates the stay with respect to a debt or property securing a debt or a lease to, at the very least, allow the creditor or landlord to proceed to liquidate its claim, recover its collateral or possession of its property. Such an interpretation of the statute is consistent with Congressional intent and is not inconsistent with the language of the statute. It also alleviates any concern courts may have about the stay being terminated in a Chapter 7 case before a trustee has a chance to adequately review the case. Furthermore, a Chapter 7 case filed by a repeat filer is more likely to be filed in good faith because of the ease with which a debtor can obtain a discharge compared to a chapter 13 case. The Chapter 7 cases filed by repeat filers that are filed in bad faith tend to be dismissed quickly

vides that it is the stay with respect to a debt and property that secures a debt or with respect to any lease that is terminated. The lease or property that secures a debt would almost always include property of the estate. Based on that language, it makes no sense to this Court that Congress intended the stay to only terminate as to either a non-estate lease or non-estate property that secures a debt because that result has little practical significance. Furthermore, with respect to a lease, which is the fact situation before this Court, the stay cannot terminate as to the debtor but not the property of the estate, except perhaps to obtain a monetary judgment against the debtor that could not be enforced outside of bankruptcy. For all practical purposes, what the debtor has is a possessory interest for the term of the lease. That possessory interest is the property of the estate. In Georgia, the debtor cannot be dispossessed while the bankruptcy estate still maintains an interest in the lease. The only practical way to proceed against the Debtors here that also affords Movant any relief under the statute is to proceed against the property of the estate. Therefore, under *Thornton* and similar cases, it seems that their interpretation of the statute renders the statute completely ineffective. Courts are not supposed to interpret a statute in a way to render it ineffective. *In re Mortgages Ltd.*, 482 B.R. 298, 306–07 n.27 (Bankr. D. Ariz. 2012) (noting that a statute must be interpreted so "no part of the statute will be void, inert, redundant, or trivial" (quoting *Sharpe v. Arizona Health Care Cost Containment Sys.*, 220 Ariz. 488, 207 P.3d 741 (App. 2009)); *In re Bundy*, 468 B.R. 916, 922 (Bankr. E.D. Wash. 2012) (refusing to adopt an interpretation that would render a provision in the statute meaningless). It

also does not seem appropriate to interpret a statute that is intentionally designed to limit the applicability of the automatic stay if the debtor cannot show the case was filed in good faith within the requisite time in a manner so favorable to the debtor that it effectively relieves the debtor from the statutorily imposed burden.

Second, because Congress included § 362(c)(3) in its 2005 Amendments for the purpose of limiting the effect of the stay in repeat filings, it only makes sense if landlords and secured creditors are allowed to proceed against property of the estate securing their claims if the debtor fails to show the new case was filed in good faith. Section 362(c)(3)(B) provides that the automatic stay can be extended in such a case "only if the party in interest demonstrates the filing of the later case is in good faith as to the creditors to be stayed." Section 362(c)(3)(C) sets forth circumstances in which such a case is presumptively deemed to not be filed in good faith. If a court were to find that a new case was not filed in good faith or if a debtor otherwise failed to show the new case was filed in good faith within the time required by Congress, it makes no sense for the creditors subject to the stay to not have an effective remedy. If the debtor cannot show that the new case was filed in good faith as to the creditors who are to be stayed, it makes sense that the remedy should be that the stay is terminated as to those creditors to recover their collateral or possession of their premises. Why should a debtor who cannot show that the new case was filed in good faith continue to receive the benefit of the automatic stay? The Movant, a landlord, is clearly a party-in-interest with property subject to a lease with the Debtors and it is a party-in-interest that the

---

because of such things as the failure to file required documents rather than the filing of a case that is not feasible, such as is often the

situation with a Chapter 13 case that is not dismissed for that reason until a confirmation hearing.

Debtors now seek to stay; therefore, it is a party-in-interest who should benefit by a termination of the stay under § 362(c)(3). A contrary interpretation would prevent § 362(c)(3) from having any practical effect at all because an individual debtor not proceeding in good faith under any chapter would still have the protection of the automatic stay as to his or her estate property, such as a house or a car, which is often the purpose of an abusive repeat filing. This would be inconsistent with the obvious purpose of § 362(c)(3).

Third, it is by no means unduly burdensome or unreasonable to require a debtor to file a motion to extend the stay and obtain an order to that effect within 30 days after the petition date upon a showing that the case was filed in good faith. That is clearly what Congress intended for the debtor to do in order to obtain the continued benefit of the automatic stay.

 This Court is not prepared at this time to hold that the termination of the stay in this case extends to any action beyond Movant recovering possession of its property or liquidating its claim. To this Court, the termination of the automatic stay in § 362(c)(3) may have been intended to be more limited than a complete termination based on the language of the statute. Rather than merely saying broadly that the stay in § 362(a) is terminated, § 362(c)(3) provides that it is only the stay with respect to a debt and property that secures a debt or a lease that is terminated.[5] This language may suggest that it is arguably not so broad as to include perfection or recordation of a lien or some other types of debt collection activities. In ruling that the automatic stay was terminated "with respect to a debt or property secur-

ing such debt or lease with respect to the debtor" such that the secured creditor in *Stubbs* was no longer stayed to exercise its rights and remedies with respect to its collateral in case converted to Chapter 7 *after* the 30 day period had expired, this Court reserved for a future ruling the scope of "with respect to a debt or property securing such debt or lease" in § 362(c)(3) and whether Congress intended something less than a complete termination of the automatic stay of § 362(a) by using that language instead of merely saying "the stay under subsection (a) shall terminate." For example, this Court reserved whether the scope of the termination of the stay by operation of law under § 362(c)(3) would allow a judgment creditor to commence garnishment of wages or attach its judgment lien to property post-petition. The Court is not ruling on that issue today because it appears the Movant is only seeking to recover possession of its property and liquidate its claim at this time in state court dispossessory proceedings. If the Movant does wish to proceed to exercise collection rights, other than to file a claim in this bankruptcy case, it will do so without the protection of a comfort order from this Court, without prejudice to its right to seek such an order.[6]

Here, Debtors filed this case on May 27, 2016—less than one week after their prior case was dismissed. Considering that this filing was within one year of a previous dismissal, § 362(c)(3) applies. Because the Debtors did not obtain an order extending the automatic stay within 30 days after filing this petition, the automatic stay terminated by operation of law as to actions with respect to Debtors' debts and proper-

---

5. Compare this to the sweeping language provided for in § 362(c)(4) which states that the stay of § 362(a), without any limits, does not go into effect.

6. A debtor also has the right to seek injunctive relief when the stay has been terminated.

ty that secured the claim of a creditor or a lease, which includes the Lease at issue here, on the 30 th day after the filing of the case. Accordingly, after consideration of all matters of record in this case, it is hereby

ORDERED that the automatic stay of 11 U.S.C. § 362(a) was terminated by operation of law as set forth above on June 26, 2016, so Movant may proceed with its contractual and statutory state law remedies to recover possession of its property and to liquidate any claim it may have for past due rent, but not with respect to the collection of any claim. It is further

ORDERED that, to the extent necessary, the stay of Rule 4001(a)(3) shall not be applicable so that Movant may immediately proceed under this Order.

**IT IS ORDERED**